McKinney, J.,
delivered the opinion of the Court.
This was an action of covenant brought by Nolin against Parchmen (as former sheriff of Stewart county,) and the *611 sureties to his official bond, for alleged breaches of the con dition thereof.
It appears from the bill of exceptions, that the defendant, Parchmen, was duly elected sheriff of said county on the 4th day of March, 1854, the day fixed by law for such elections ; and that ou the 3d day of April following, he executed the bonds required by law, and was regularly qualified and inducted into office by the county court of said county.
It further appears, that on the lltli day of March, 1856, an execution issued from the office of the circuit court of said county, founded on a judgment in favor of Nolin, the plaintiff, against Newell and Pritchett, for $1081.09, tested of the March term. 1856, of said court, and returnable to the July term ensuing; which execution came to the hands of Brandon, one of the deputy sheriffs of said county, by the special direction of the plaintiff, Nolin, a day or two after its issuance.
It likewise appears, that at the election on the first Saturday of March, 1856, one Bogard was elected to the office of sheriff of said county, and on the 3d of April, 1856, the latter was duly qualified and entered upon the execution of the duties of his office.
It does not appear that, in point of fact, Parchmen, whose term of office had nearly expired, had knowledge of the fact of the issuance or delivery of said execution to his deputy. The proof shows that Brandon, the deputy, retained the execution in his hands ; and that on the 8th of July, 1856, he received a payment of $100 from the defendants in the execution; which he credited thereon, and paid the same over to the plaintiff a few days thereafter. And on the 1st of December, 1856, he returned said execution to the clerk, and procured the issuance of an alias execution. The proof tends to establish pretty clearly that Brandon acted as the agent of the plaintiff in this matter, and that he had permission from the plaintiff to retain and hold up the execution.
In November, 1856, Newell and Pritchett, the judgment *612 debtors failed ; in consequence of which the residue of the plaintiff’s judgment remains uncollected.
Upon this state of the facts, several breaches of the condition of the official bond of Parchmen are assigned, of which only two need be noticed. First, the failure to execute and make due return of said execution to the July term, to which it was returnable. And, secondly, the neglect of Parchmen, on going out of office, to deliver the same over to his successor.
In answer to the first breach assigned, it is said for the defendants, that, in law, Parchmen was not sheriff at the date of the issuance of the execution, namely, on the 11th day of March, 1856 : that, under the constitution (Art. 6, sec. 15,) tbe term must bo held to commence from the day of the election, which, in this particular instance, was on the 4th day of March, 1854, and consequently the official term had expired before the day of the issuance of said execution. This position is not tenable. The constitution simply prescribes the mode of appointment, and the duration of the term. The time and manner of qualification are left to be regulated by the Legislature : and by the.act of 1835, cli. 1, sec. 12, the officer holding the election for constables is required to certify the result of the election to the county court, “and, thereupon, said court shall take bond and security from said constable or constables, and qualify him as now prescribed by law ; after which said constable or constables shall enter wpon the duties of the office of constable.” From this express provision of the statute it is clear that the official term of “ two years ” commences from the date of the qualification of the constable, and not from the day of his election to the office.
The available answer to the first breach is, that the official term of the sheriff having expired some twenty days after the execution was placed in the hands of his deputy, he cannot be charged with a breach of the condition of the bond, by reason of the failure to execute and return the *613 process. The execution, as we have seen, was not returnable for more than three months after the expiration of the sheriff’s term. In general, all that can be required of the sheriff is, that he shall duly execute process before the return day thereof. He has the whole intervening period, between the time it comes to his hands and the return day, to do this, unless in cases where, by delay in the execution thereof, the debt might be lost or put in jeopardy.
It has been held that where the sheriff’s term expires, as in the present case, the only duty imposed upon the outgoing sheriff, is to deliver over the process to his successor ; because he has no power to execute or return the same after his term was at an end, unless, while in office he had begun its execution. 7 Humph., 447; 3 Humph., 398, 419; 2 Sneed, 18. These cases establish that a failure to execute and return an execution, in such a case, is not a breach of the condition of the bond, so as to charge the sureties of the officer.
2d. It is equally clear that the neglect of the sheriff to deliver over the process, remaining unexecuted in his hands, to his successor, is not an official omission or neglect within the condition of the bond, so as charge the sureties. In contemplation of law, it is a duty to be performed by the individual, after Ids office has ceased, and with it, his power to do any other official act, except such as are properly within the scope of the statute giving time to wind up his business. And this duty resting upon him, it might be conceded that lie would be answerable, individually, in an action on the case, for neglecting to do so. But it is clear that it is a duty not within the condition of the bond, and, therefore, his sureties cannot be made liable.
Again : a successful defence to the action might, perhaps, be rested on the ground, that, the execution was.placed in the hands of Brandon, and retained by him, with the knowledge and by the express direction of the plaintiff, upon his own responsibility and at his own peril, and that, consequently, no default can be imputed to the sheriff for failing *614 to execute it or return it. This ground is not necessary, however, to the determination of the present case. There is no error in the record.
Judgment affirmed.